CATHERINE A. CONWAY (SBN 98366)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001

HEATHER BURROR (SBN 205803)
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104-1036
Telephone: 415-765-9500
Facsimile: 415-765-9501

Attorneys for Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. BROWN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.; PAYROLLING.COM; MARISSA MAYER; and DOES 1 through 20,<br><br>Defendants. | Case No. C05 01779 PVT<br><br>**DEFENDANT GOOGLE INC.'S ANSWER TO PLAINTIFF ROBERT BROWN'S COMPLAINT** |

Defendant Google Inc. ("Google" or "Defendant") hereby answers the complaint filed by Plaintiff Robert A. Brown ("Complaint") as follows:

## I. INTRODUCTION

1. Defendant admits that Plaintiff purports to have brought this Complaint as alleged. Except as expressly so admitted, Defendant denies each and every allegation in Paragraph 1 of the Complaint.

## II. THE PARTIES

2. Defendant admits that Plaintiff is a natural person. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint and, on that basis, denies each and every allegation contained therein.

3. Paragraph 3 states a legal conclusion only, to which no response is required. To the extent that Paragraph 3 requires a response, Defendant denies each and every allegation contained therein.

4. Paragraph 4 states a legal conclusion only, to which no response is required. To the extent that Paragraph 4 requires a response, Defendant denies each and every allegation contained therein.

5. Defendant admits that Google is a corporation that is qualified to do business in California and that it maintains its principal executive offices at 1600 Amphitheatre Parkway, in Mountain View, California. Except as expressly so admitted, Defendant denies each and every allegation in Paragraph 5.

6. Defendant admits that Payrolling.com maintains an office at 8333 Clairemont Mesa Blvd., No. 203, in San Diego, California, and that both Payrolling.com and Google identified Payrolling.com as Plaintiff's employer. Except as expressly so admitted, Defendant denies each and every allegation in Paragraph 6.

7. Defendant admits that Mayer is a natural person, that she resides in Palo Alto, California, and that Google employs her as a Product Manager. Except as expressly so admitted, Defendant denies each and every allegation in Paragraph 7.

8. Paragraph 8 states a legal conclusion only, to which no response is required. To the extent that Paragraph 8 requires a response, Defendant denies each and every allegation contained therein.

9. Defendant denies each and every allegation contained in Paragraph 9 of the Complaint.

10. Defendant admits that Google employed Mayer during Plaintiff's assignment at Google. Except as expressly so admitted, Defendant denies each and every allegation in Paragraph 10.

11. Defendant denies each and every allegation contained in Paragraph 11 of the Complaint.

12. Defendant denies each and every allegation contained in Paragraph 12 of the Complaint.

13. Defendant denies each and every allegation contained in Paragraph 13 of the Complaint.

## III. BACKGROUND

14. Defendant admits that Mayer received a resume from Plaintiff. Defendant also admits that Mayer spoke to Plaintiff on the telephone. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Complaint and, on that basis, denies each and every allegation contained therein.

15. Defendant admits that Plaintiff met with Mayer at the Google offices in Mountain View on September 3, 2002. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff completed certain forms and paperwork required by Payrolling.com before beginning his temporary assignment at Google. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 16 of the Complaint.

17. Defendant admits that the forms and paperwork Plaintiff signed identified Payrolling.com as his employer. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 17 of the Complaint.

18. Defendant denies each and every allegation contained in Paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff was an "at-will" employee of Payrolling.com who was temporarily assigned to work at Google, and that Plaintiff was paid at an hourly wage. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff began his assignment at Google on September 3, 2002, and that Payrolling.com paid $17.00 per hour. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint and, on that basis, denies each and every allegation contained therein.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and, on that basis, denies each and every allegation contained therein.

22. Defendant admits that Plaintiff received a wage increase on April 21, 2003 to $21.00 per hour. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff's assignment at Google ended on May 14, 2004. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 23 of the Complaint.

24. Defendant admits that Payrolling.com was Plaintiff's employer, and that Google denied Plaintiff's status as a Google employee. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint and, on that basis, denies each and every allegation contained therein.

## IV. FIRST CAUSE OF ACTION

25. In answering Paragraph 25 of the Complaint, Defendant realleges and incorporates herein by reference as though set forth in full Paragraphs 1-24 of this Answer.

26. Defendant admits that Plaintiff submitted handwritten or electronic timesheets to Google for approval, and that Google forwarded Plaintiff's timesheets to Payrolling.com. To the extent the allegations in Paragraph 26 of the Complaint purport to state the contents of the timesheets referenced therein, Defendant respectfully refers to the referenced documents for their contents. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 26 of the Complaint.

27. Defendant denies each and every allegation contained in Paragraph 27 of the Complaint.

28. Defendant denies each and every allegation contained in Paragraph 28 of the Complaint.

29. Defendant denies each and every allegation contained in Paragraph 29 of the Complaint.

## V. SECOND CAUSE OF ACTION

30. In answering Paragraph 30 of the Complaint, Defendant realleges and incorporates herein by reference as though set forth in full Paragraphs 1-24 of this Answer.

31. Defendant denies each and every allegation contained in Paragraph 31 of the Complaint.

32. Defendant denies each and every allegation contained in Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation contained in Paragraph 33 of the Complaint.

34. Defendant denies each and every allegation contained in Paragraph 34 of the Complaint.

35. Defendant denies each and every allegation contained in Paragraph 35 of the Complaint.

## VI. THIRD CAUSE OF ACTION

36. In answering Paragraph 36 of the Complaint, Defendant realleges and incorporates herein by reference as though set forth in full Paragraphs 1-24 of this Answer.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and, on that basis, denies each and every allegation contained therein.

38. Defendant admits that Plaintiff submitted handwritten or electronic timesheets to Google for approval, and that Google forwarded Plaintiff's timesheets to Payrolling.com. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 38 of the Complaint.

39. Defendant admits that Google advised Plaintiff that Payrolling.com would pay him, for the hours he worked in any week, on the following Thursday. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 39 of the Complaint.

40. Defendant denies each and every allegation contained in Paragraph 40 of the Complaint.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and, on that basis, denies each and every allegation contained therein.

42. Defendant denies each and every allegation contained in Paragraph 42 of the Complaint.

43. Defendant denies each and every allegation contained in Paragraph 43 of the Complaint.

## VII. FOURTH CAUSE OF ACTION

44. In answering Paragraph 44 of the Complaint, Defendant realleges and incorporates herein by reference as though set forth in full Paragraphs 1-24 of this Answer.

45. Paragraph 45 states a legal conclusion only, to which no response is required. To the extent that Paragraph 45 requires a response, Defendant denies each and every allegation contained therein.

46. Defendant admits that Plaintiff's assignment at Google ended on May 14, 2004. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 46 of the Complaint.

47. Defendant denies each and every allegation contained in Paragraph 47 of the Complaint.

48. Defendant denies each and every allegation contained in Paragraph 48 of the Complaint.

## VIII. FIFTH CAUSE OF ACTION

49. In answering Paragraph 49 of the Complaint, Defendant realleges and incorporates herein by reference as though set forth in full Paragraphs 1-24 of this Answer.

50. Defendant admits that Plaintiff was an employee of Payrolling.com. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Defendant denies each and every allegation contained in Paragraph 51 of the Complaint.

52. Defendant admits that Plaintiff was an employee of Payrolling.com. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 52 of the Complaint.

53. Defendant denies each and every allegation contained in Paragraph 53 of the Complaint.

54. Defendant denies each and every allegation contained in Paragraph 54 of the Complaint.

55. Defendant denies each and every allegation contained in Paragraph 55 of the Complaint.

56. Defendant denies each and every allegation contained in Paragraph 56 of the Complaint.

57. Defendant denies each and every allegation contained in Paragraph 57 of the Complaint.

## IX. SIXTH CAUSE OF ACTION

58. In answering Paragraph 58 of the Complaint, Defendant realleges and incorporates herein by reference as though set forth in full Paragraphs 1-24 of this Answer.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and, on that basis, denies each and every allegation contained therein.

60. Defendant admits that Plaintiff expressed concern that his temporary assignment at Google would end, and that he asked Mayer if Google would hire him as a Google employee. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 60 of the Complaint.

61. Defendant admits that Candy Hamill was a Payrolling.com employee temporarily assigned to work at Google, and that her assignment at Google ended in the spring of 2003. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 61 of the Complaint.

62. Defendant denies each and every allegation contained in Paragraph 62 of the Complaint.

63. Defendant denies each and every allegation contained in Paragraph 63 of the Complaint.

64. Defendant denies each and every allegation contained in Paragraph 64 of the Complaint.

65. Defendant denies each and every allegation contained in Paragraph 65 of the Complaint.

66. Defendant denies each and every allegation contained in Paragraph 66 of the Complaint.

67. Defendant denies each and every allegation contained in Paragraph 67 of the Complaint.

68. Defendant denies each and every allegation contained in Paragraph 68 of the Complaint.

69. Defendant denies each and every allegation contained in Paragraph 69 of the Complaint.

70. Defendant admits that Plaintiff asked Mayer if she needed any additional information from him to complete the process of applying to become a Google employee. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 70 of the Complaint.

71. Defendant denies each and every allegation contained in Paragraph 71 of the Complaint.

72. Defendant denies each and every allegation contained in Paragraph 72 of the Complaint.

73. Defendant denies each and every allegation contained in Paragraph 73 of the Complaint.

74. Defendant admits that Mayer met with Plaintiff on May 10, 2004 to notify him that his assignment at Google was ending effective May 14, 2004. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 74 of the Complaint.

75. Defendant denies each and every allegation contained in Paragraph 75 of the Complaint.

76. Defendant denies each and every allegation contained in Paragraph 76 of the Complaint.

77. Defendant denies each and every allegation contained in Paragraph 77 of the Complaint.

78. Defendant denies each and every allegation contained in Paragraph 78 of the Complaint.

79. Defendant denies each and every allegation contained in Paragraph 79 of the Complaint.

80. Defendant denies each and every allegation contained in Paragraph 80 of the Complaint.

81. Defendant denies each and every allegation contained in Paragraph 81 of the Complaint.

82. Defendant denies each and every allegation contained in Paragraph 82 of the Complaint.

83. Defendant denies each and every allegation contained in Paragraph 83 of the Complaint.

84. Defendant denies each and every allegation contained in Paragraph 84 of the Complaint.

## X. SEVENTH CAUSE OF ACTION

85. In answering Paragraph 85 of the Complaint, Defendant realleges and incorporates herein by reference as though set forth in full Paragraphs 1-24, 59-64 and 69-74 of this Answer.

86. Defendant denies each and every allegation contained in Paragraph 86 of the Complaint.

87. Defendant denies each and every allegation contained in Paragraph 87 of the Complaint.

88. Defendant denies each and every allegation contained in Paragraph 88 of the Complaint.

89. Defendant denies each and every allegation contained in Paragraph 89 of the Complaint.

90. Defendant denies each and every allegation contained in Paragraph 90 of the Complaint.

## XI. EIGHTH CAUSE OF ACTION

91. Defendant is filing a motion to dismiss Plaintiff's Eighth Cause of Action because it fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and because Plaintiff failed to exhaust the applicable administrative remedies. Accordingly, Defendant is not required to respond to Paragraphs 91-106 of the Complaint at this time.

## XII. NINTH CAUSE OF ACTION

92. In answering Paragraph 107 of the Complaint, Defendant realleges and incorporates herein by reference as though set forth in full Paragraphs 1-24 and 61-81 of this Answer.

93. Defendant denies each and every allegation contained in Paragraph 108 of the Complaint.

94. Defendant denies each and every allegation contained in Paragraph 109 of the Complaint.

95. Defendant denies each and every allegation contained in Paragraph 110 of the Complaint.

96. Defendant admits that Plaintiff asked Mayer if Google would hire him as a Google employee, and that Mayer agreed to initiate the application process. Except as expressly so admitted, Defendant denies each and every allegation contained in Paragraph 111 of the Complaint.

97. Defendant denies each and every allegation contained in Paragraph 112 of the Complaint.

98. Defendant denies each and every allegation contained in Paragraph 113 of the Complaint.

99. Paragraph 114 states a legal conclusion only, to which no response is required. To the extent that Paragraph 114 requires a response, Defendant denies each and every allegation contained therein.

100. Defendant denies each and every allegation contained in Paragraph 115 of the Complaint.

101. Defendant denies each and every allegation contained in Paragraph 116 of the Complaint.

102. Defendant denies each and every allegation contained in Paragraph 117 of the Complaint.

## XIII. TENTH CAUSE OF ACTION

103. Defendant is filing a motion to dismiss Plaintiff's Tenth Causes of Action because it fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because it is wholly duplicative of Plaintiff's Second, Third and Fourth Causes of Action. Accordingly, Defendant is not required to respond to Paragraphs 118-120 of the Complaint at this time.

## XIV. ELEVENTH CAUSE OF ACTION

104. In answering Paragraph 121 of the Complaint, Defendant realleges and incorporates herein by reference as though set forth in full in each of the foregoing Paragraphs of this Answer.

105. Paragraph 122 states a legal conclusion only, to which no response is required. To the extent that Paragraph 122 requires a response, Defendant denies each and every allegation contained therein.

106. Defendant denies each and every allegation contained in Paragraph 123 of the Complaint.

107. Defendant denies each and every allegation contained in Paragraph 124 of the Complaint.

108. Defendant denies each and every allegation contained in Paragraph 125 of the Complaint.

109. Defendant denies each and every allegation contained in Paragraph 126 of the Complaint.

110. Defendant denies each and every allegation contained in Paragraph 127 of the Complaint.

111. Defendant denies each and every allegation contained in Paragraph 128 of the Complaint.

112. Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief on page 23 of the Complaint.

Further answering the Complaint, Defendant pleads the following separate and additional defenses:

## DEFENSES

### FIRST DEFENSE

1. The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure §§ 335.1, 338, 339 and 340 and California Business and Professions Code § 17208.

### THIRD DEFENSE

3. Plaintiff's claims are barred in whole or in part as preempted or exclusively governed by the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1001, *et seq.*

### FOURTH DEFENSE

4. Plaintiff's claims are barred in whole or in part to the extent Plaintiff failed to exhaust the applicable administrative remedies.

### FIFTH DEFENSE

5. With respect to plaintiff's claim for ERISA plan benefits, Defendant is not a proper party herein.

### SIXTH DEFENSE

6. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has failed to discharge its contractual and legal obligations to submit the present dispute to non-judicial arbitration.

**SEVENTH DEFENSE**

7. Plaintiff's claims are barred in whole or in part because Defendant was not Plaintiff's employer.

**EIGHTH DEFENSE**

8. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff lacks standing to assert these matters against Defendant.

**NINTH DEFENSE**

9. This action does not meet the requirements for class action treatment under Code of Civil Procedure section 382, and Plaintiff cannot prosecute it on behalf of the putative class he purports to represent or on behalf of the general public.

**TENTH DEFENSE**

10. Plaintiff's claims are barred in whole or in part because there was no offer and acceptance with respect to the purported contract alleged in the Complaint.

**ELEVENTH DEFENSE**

11. Defendant is not liable for any damages allegedly sustained by Plaintiff as a result of the agreement alleged in the Complaint and each purported cause of action therein because any alleged oral representations were too uncertain and indefinite for Plaintiff to rely upon.

**TWELFTH DEFENSE**

12. Plaintiff is precluded from asserting his fraud claims to the extent they are entirely duplicative of his breach of contract claims.

**THIRTEENTH DEFENSE**

13. Plaintiff is barred from recovering on his purported fraud claims because he has failed to plead with the requisite particularity.

**FOURTEENTH DEFENSE**

14. Plaintiff's claims are barred in whole or in part because Defendant and its agents acted in good faith at all times.

**FIFTEENTH DEFENSE**

15. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff consented to the alleged conduct of Defendants.

**SIXTEENTH DEFENSE**

16. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, release, payment, accord and satisfaction, estoppel, unclean hands and/or laches.

**SEVENTEENTH DEFENSE**

17. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has failed to mitigate the injury or damages alleged in the Complaint.

Defendant reserves the right to amend its Answer to allege any additional defenses as may later become available or apparent. Further, Defendant reserves the right to withdraw any defenses that it subsequently determines to be inapplicable. Nothing stated in the foregoing defenses constitutes a concession that Defendant bears any burden of proof on any issue on which it would not otherwise bear such burden.

WHEREFORE, Defendant prays for judgment as follows:

1. That all relief requested in the Complaint be denied;
2. That Plaintiff take nothing by virtue of this action;
3. That the Complaint be dismissed;
4. For costs of suit and attorney's fees incurred herein; and
5. For such other and further relief as the Court may deem proper.

Dated: May 6, 2005

AKIN GUMP STRAUSS HAUER & FELD LLP

By [signature]
Heather Burror

Attorneys for Defendant
GOOGLE INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500, San Francisco, CA 94104. On May 6, 2005, I served the foregoing document(s) described as: DEFENDANT GOOGLE INC.'S ANSWER TO PLAINTIFF ROBERT BROWN'S COMPLAINT on the interested party(ies) below, using the following means:

Gregory M. Sheffer
The Sheffer Law Firm
160 Sansome Street, 2nd Floor
San Francisco, CA 94104

Ronald H. Blumberg
Aniko M. Felsen
Blumberg Lorber Nelson LLP
137 N. Acacia Avenue
Solana Beach, CA 92075

☐ BY PERSONAL SERVICE I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☐ BY OVERNIGHT DELIVERY I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 6, 2005 at San Francisco, California.

Marva Seaton
[Print Name of Person Executing Proof]

Marva D. Seaton
[Signature]