Brown v. Google, Inc. et al Doc. 31



CATHERINE A. CONWAY (SBN 98366)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3012
Telephone: 310-229-1000
Facsimile: 310-229-1001

HEATHER BURROR (SBN 205803)
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104-1036
Telephone: 415-765-9500
Facsimile: 415-765-9501

Attorneys for Defendants
GOOGLE INC. AND MARISSA MAYER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. BROWN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.; PAYROLLING.COM; MARISSA MAYER; and DOES 1 through 20,<br><br>Defendants. | Case No. C05 01779 RMW<br><br>**DEFENDANTS GOOGLE INC.'S AND MARISSA MAYER'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date: July 15, 2005<br>Time: 9:00 a.m.<br>Judge: Hon. Ronald M. Whyte |



Dockets.Justia.com

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION. ....................................................................................................1

II. BACKGROUND. ....................................................................................................2

III. ARGUMENT. ....................................................................................................3

A. Removal Was Proper Because Plaintiff's Eighth Cause of Action Is Completely Preempted By ERISA. ....................................................................................................3

1. ERISA Expressly Preempts Plaintiff's Eighth Cause of Action....................................4

2. Plaintiff's Eighth Cause of Action is Clearly Encompassed By ERISA's Civil Enforcement Scheme. ....................................................................................................7

B. Plaintiff's Request for Sanctions Must Be Denied. ....................................................9

IV. CONCLUSION. ....................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

### CASES

*Abraham v. Exxon Corp.*,
85 F.3d 1126 (5th Cir. 1996) ........ 6

*Aetna Health Inc. v. Davila*,
542 U.S. 200, 124 S. Ct. 2488 (2004) ........ 3, 4, 5

*Aloha Airlines, Inc. v. Ahue*,
12 F.3d 1498 (9th Cir. 1993) ........ 5

*Board of Trustees, etc. v. J.R.D. Mech. Servs., Inc.*,
99 F. Supp. 2d 1115 (C.D. Cal. 1999) ........ 2

*Capital Cities/ABC, Inc. v. Ratcliff*,
141 F.3d 1405 (10th Cir. 1998) ........ 6

*Ethridge v. Harbor House Restaurant*,
861 F.2d 1389 (9th Cir. 1988) ........ 4

*Fort Halifax Packing Co., Inc. v. Coyne*,
482 U.S. 1 (1987) ........ 7

*Ginsberg v. Valhalla Anesthesia Assocs., P.C.*,
971 F. Supp. 144 (S.D.N.Y. 1997) ........ 2

*Ingersoll-Rand Co. v. McClendon*,
498 U.S. 133 (1990) ........ 4, 5

*McBride v. PLM Int'l, Inc.*,
179 F.3d 737 (9th Cir. 1999) ........ 5, 8

*Metropolitan Life Ins. Co. v. Taylor*,
481 U.S. 58 (1987) ........ 4, 5, 6, 8

*Pilot Life Ins. Co. v. Dedeaux*,
481 U.S. 41 (1981) ........ 4, 5, 8

*Scott v. Gulf Oil Corp.*,
754 F.2d 1499 (9th Cir. 1985) ........ 5, 8

*Shaw v. Delta Air Lines, Inc.*,
463 U.S. 85 (1983) ........ 6

*Smith v. Dunham-Busch, Inc.*,
959 F.2d 6 (2d Cir. 1992) ........ 5, 8

*Toumajian v. Frailey*,
135 F.3d 648 (9th Cir. 1997) ........ 8

*Trombetta v. Cragin Federal Bank For Savings Employee Stock Ownership Plan*,
102 F.3d 1435 (7th Cir. 1996) ........ 6

*Wolf v. Coca-Cola Co.*,
200 F.3d 1337 (11th Cir. 2000) .......... 6

**STATUTES**

28 U.S.C. § 1331 .......... 4
28 U.S.C. § 1441 .......... 4
29 U.S.C. § 1002 .......... 2
29 U.S.C. § 1132 .......... 4, 8
29 U.S.C. § 1144 .......... 4

## I. INTRODUCTION.

Plaintiff's instant motion flies in the face of recent Supreme Court precedent reiterating that state law claims to recover ERISA plan benefits "are completely preempted by ERISA [], and [are] thus removable to federal district court." For his Eighth Cause of Action – entitled, in part, "Action for Recovery of Benefits" – Plaintiff expressly refers to Google's medical, dental, and 401(k) plans – *all ERISA plans* – and claims that Google wrongfully denied him benefits under those plans. Given that Plaintiff is unquestionably suing to enforce his alleged entitlement to ERISA plan benefits, a clearer example of ERISA preemption would be hard to find.

In an effort to avoid federal jurisdiction, however, Plaintiff offers a detailed recitation of principles that have no application here, setting forth a variety of arguments that are, at best, misplaced. Most prominently, ignoring his allegations in the Complaint, Plaintiff asserts that his Eighth Cause of Action is really just a run-of-the-mill contract claim that requires absolutely no reference to Google's ERISA plans. Specifically, he claims that he is automatically entitled to benefits under the plans – plans in which he did not participate – because "Google breached their promise to treat him like other employees." This argument is premised on a gross misunderstanding of the law and Google's plans. As explained below, employers are free to exclude categories of workers from ERISA plan coverage, and Google has done just that. Regardless of whether he was an "employee," therefore, Plaintiff cannot recover benefits unless he satisfied the plans' particular eligibility requirements. Of course, Plaintiff's eligibility can be determined only by reference to Google's ERISA plans, a fact that indisputably triggers preemption.

In short, if Plaintiff seeks to recover benefits under ERISA plans in which he is not a participant, as a matter of law, he can do so only by asserting an ERISA claim. Conversely, only by foregoing any claim for ERISA plan benefits may he avoid preemption.

Because Plaintiff's Eighth Cause of Action is completely preempted by ERISA, removal of this action was proper. Accordingly, Plaintiff's Motion to Remand should be denied.[1]

---

[1] Plaintiff asserts that "Google does not clam that any other cause of action alleged by Brown is preempted by Federal law or is one over which this Court has original jurisdiction." However, as explained in the initial removal papers, Plaintiff's Eleventh Cause of Action for unfair business

## II. BACKGROUND.

Plaintiff became a Payrolling.com employee and accepted an assignment to work at Google in September 2002. (Complaint, ¶¶ 7, 14, 16-17, 20.) The forms he signed at the beginning of his Payrolling.com employment clearly stated that his employer was Payrolling.com (not Google) and that his employment was at-will and could be terminated at any time. (Complaint, ¶¶ 15-19, 50.) Plaintiff agreed to these terms. (Complaint, ¶¶ 15-19, 50.)

Yet, after his assignment at Google ended, Plaintiff filed this action against Google, Mayer (a Google employee), and Payrolling.com, asserting that Google was, in fact, his employer. For his Eighth Cause of Action – entitled, in part, "Action for Recovery of Benefits" – Plaintiff alleges that Google denied him the benefits offered to its employees. (Complaint, ¶¶ 102-103). Specifically, he alleges that Google "misclassified [him] as a contractor or temporary employee" and thus wrongfully excluded him from the "full premium coverage medical and dental insurance plans . . . , matched contribution employee 401(k) plan, [and] eligibility for stock options and bonuses" available to "regular employees." (Complaint, ¶¶ 102, 105). Among other relief, Plaintiff seeks to recover damages "in the amount of the value of the . . . medical premiums, dental premiums, profit sharing [and] stock options." (Complaint, ¶ 106). Plaintiff does not allege that he was a participant in any of the benefit plans at issue.

The medical, dental, and 401(k) benefit plans to which Plaintiff refers are ERISA benefit plans.[2] Each of these plans specifies who is eligible to receive benefits under the plan. (Declaration of Sue Wuthrich ("Wuthrich Dec."), ¶¶ 2-6, Ex. A (Blue Shield Medical Plans); Ex. B (CIGNA Medical

---

practices also relates to Google's ERISA benefit plans, in that it re-alleges the same allegations on which the Eighth Cause of Action is based and additionally seeks declaratory and injunctive relief prohibiting Google from denying benefits to other individuals. (Complaint at ¶¶ 124, 126).

[2] Under ERISA, "employee benefit plans" include welfare benefit plans and pension benefit plans. *See* 29 U.S.C. § 1002(3). The term "welfare benefit plan" is defined to include plans that provide medical care or benefits. *See* 29 U.S.C. § 1002(2)(A). A pension plan is any plan, fund, or program that "provides retirement income to employees" or "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond." 29 U.S.C. § 1002(2)(A). 401(k) plans satisfy this standard. *See Board of Trustees, etc. v. J.R.D. Mech. Servs., Inc.*, 99 F. Supp. 2d 1115, 1117 (C.D. Cal. 1999); *Ginsberg v. Valhalla Anesthesia Assocs., P.C.*, 971 F. Supp. 144 (S.D.N.Y. 1997).

Plans); Ex. C (Kaiser Permanente Medical Plan); Ex. D (Delta Dental Plan); Ex. E (Fidelity 401(k) Plan).) The plan benefits are not, as Plaintiff's Motion to Remand suggests, available to all Google employees. For example, Google's Delta Dental Plan is available to "regular employees" who work full-time, are "actively employed" by Google (as determined by Google), and meet other eligibility requirements. (*Id.*, ¶ 5. Ex. D at 4-5.) Google's CIGNA Medical Plan is available to eligible full- and part-time Employees who work at least 24 hours per week and who are "in a Class of Eligible Employees," as defined by the Plan. (*Id.*, ¶ 3, Ex. B, "Eligibility for Employee Insurance.") Temporary employees and other designated workers are generally not eligible for benefits, even if it is later determined that they are common law employees under California law. (*Id.*, ¶ 2-3, 6, Exs. A at C-3, B at 12, 48 and 10, 42, E at 4-5.)

Google's medical, dental, and 401(k) plans also set forth administrative procedures for reviewing claims for benefits. (Wuthrich Dec., ¶¶ 2-6, Ex. A (Blue Shield Medical Plans), §§ XII, XIII, "Claims Review", or "Grievance Process"; Ex. B (CIGNA Medical Plans), at 35-46 and 41-52; Ex. C (Kaiser Permanente Medical Plan), at 30-35 and 31-38; Ex. D (Delta Dental Plan), § 7.11; Ex. E (Fidelity 401(k) Plan), § 19.03.) Anyone who seeks benefits under the plans must follow these procedures, which give the plan administrators the right to make all initial benefits determinations. Plaintiff does not allege that he filed any claims for benefits under the administrative procedures set forth in the applicable plans. Nor does he allege any excuse for failing to do so.

## III. ARGUMENT.

### A. Removal Was Proper Because Plaintiff's Eighth Cause of Action Is Completely Preempted By ERISA.

Removal of this action to this Court was proper because Plaintiff's claim for breach of contract "for Recovery of Benefits" is completely preempted by ERISA. *See, e.g., Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S. Ct. 2488, 2496 (2004) (holding that actions to remedy the denial of benefits under an ERISA plan "are completely pre-empted by, ERISA [], and thus removable to federal district court"). As Plaintiff acknowledges, a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and federal district courts have original jurisdiction over any claim that arises under a

federal statute, such as ERISA. 28 U.S.C. §§ 1331, 1441(a); *see, e.g., Aetna Health Inc.*, 542 U.S. 200. Plaintiff also acknowledges that, even "[w]hen no federal claim or question is evident from the complaint," removal is proper if a state law claim is completely preempted by an area of federal law such that the claim is necessarily "deemed to 'arise under' federal law." (Plf's Mot., 2-3, *citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)). Plaintiff further recognizes that complete preemption exists when (1) ERISA expressly preempts the state law cause of action under 29 U.S.C. § 1144(a); and (2) that cause of action is encompassed by ERISA's civil enforcement provision under 29 U.S.C. § 1132(a). (Plf's Mot., 3.) As shown below, both conditions are satisfied here.

**1. ERISA Expressly Preempts Plaintiff's Eighth Cause of Action**

Congress established ERISA preemption to ensure that actions involving employee benefit plans are governed by a uniform body of federal law and, therefore, to protect federal policy from being eroded by ERISA-related claims brought under the guise of state law. *Aetna Health Inc.*, 542 U.S. 200, 124 S. Ct. at 2496. Thus, ERISA broadly preempts all causes of action that "relate to" employee benefit plans. 29 U.S.C. § 1144(a) (mandating that ERISA "supersede any and all State laws," including decisions having the effect of state law, "that may now or hereafter relate to any employee benefit plan . . . "); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 133 (1990). As the Supreme Court explained, "'[t]he phrase 'relate to' [is] given its *broad[est] common-sense meaning*, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1981) (citation omitted) (emphasis added); *see also Ingersoll-Rand Co.*, 498 U.S. at 138 (1990) (ERISA's preemption clause is "'deliberately expansive' ... to ... 'establish pension plan regulation as exclusively a federal concern'") (citation omitted); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1404 (9th Cir. 1988). Consistent with ERISA's broad preemptive force, where, as here, a complaint explicitly refers to ERISA-regulated benefit plans, preemption is established. *See Aetna Health Inc.*, 542 U.S. 200.

Further, the fact that a complaint "relies on state common law causes of action" does not preclude ERISA preemption. *Ethridge*, 861 F.2d at 1404. Rather, regardless of how a claim is styled, as long as it is based on an allegedly wrongful denial of ERISA plan benefits, ERISA provides the

exclusive remedy, and the claim is preempted. *See Aetna Health Inc.*, 542 U.S. 200. Courts have consistently applied this principle where, as here, the plaintiff asserts a purported breach of contract claim in order to recover benefits under an ERISA plan. *See Metropolitan Life Ins.*, 481 U.S. 48 (breach of contract claim for benefits under ERISA plan preempted); *Pilot Life Ins. Co.*, 481 U.S. at 52, 54 (breach of contract action preempted where plaintiff alleged improper processing of claim for benefits under ERISA plan); *McBride v. PLM Int'l, Inc.*, 179 F.3d 737 (9th Cir. 1999) (breach of covenant of good faith and fair dealing claim preempted); *Smith v. Dunham-Busch, Inc.*, 959 F.2d 6, 10 (2d Cir. 1992) (breach of contract claim preempted where plaintiff made "explicit reference to the pension plan in his complaint" and "the calculation of the promised supplemental benefits would indeed implicate [the defendant's] ERISA plan . . ."); *Scott v. Gulf Oil Corp.*, 754 F.2d 1499 (9th Cir. 1985) (breach of contract claim preempted). Indeed, when the "existence of a [] plan is a critical factor in establishing liability [under state law]," the state law claim is necessarily preempted because such a claim "relates not merely to [] benefits, but to the essence of the [] *plan* itself." *Ingersoll-Rand Co.*, 498 U.S. at 139-140.[3]

Under these principles, Plaintiff's Eighth Cause of Action plainly "relates to" Google's ERISA benefit plans. With respect to that cause of action – entitled, in part, "Action for Recovery of Benefits" – Plaintiff alleges that Google "misclassified [him] as a contractor or temporary employee" and thus wrongfully excluded him from the "full premium coverage medical and dental insurance plans . . . , matched contribution employee 401(k) plan, [and] eligibility for stock options and bonuses" available to "regular employees." (Complaint ¶¶ 102, 105). He further seeks to recover damages "in the amount of the value of the . . . medical premiums, dental premiums, profit sharing [and] stock options." (Complaint ¶ 106). Because Plaintiff claims that Google wrongfully denied him benefits available

---

[3] In addition, claims that "arise from the administration of such plans" also are preempted, even if the plans are not mentioned in the complaint. *See McBride*, 179 F.3d at 745; *Aloha Airlines, Inc. v. Ahue*, 12 F.3d 1498, 1504 (9th Cir. 1993). Of course, a plaintiff cannot avoid preemption by improperly circumventing a plan's administrative remedies and then arguing that his claim did not "arise from the administration" of the plan. *See Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1503 (9th Cir. 1985).

under the Company's ERISA benefit plans, his Eighth Cause of Action plainly "relates to" those plans and therefore is preempted by ERISA. *See Metropolitan Life Ins. Co.*, 481 U.S. at 66.

In the face of ample Supreme Court precedent that requires a finding of preemption, Plaintiff attempts to obfuscate his claim, contending that it "relates only to the recovery of predetermined *benefits* under the contract and does not trigger interpretation or manipulation of the benefits *plan*." (Plf's Mot., 3-4.) Plaintiff's argument is based on the premise that, so long as he was an "employee" of Google, he was entitled to ERISA plan benefits. Plaintiff is wrong. It is well-settled that an employer that elects to provide employee benefits through ERISA plans may include or exclude categories of employees or contingent workers from coverage under its plans. *See, e.g., Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 91 (1983) ("ERISA does not mandate that employers provide any particular benefits, and does not itself proscribe discrimination in the provision of employee benefits."); *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1340 (11th Cir. 2000) ("Companies are not required by ERISA to make their ERISA plans available to all common law employees."); *Capital Cities/ABC, Inc. v. Ratcliff*, 141 F.3d 1405, 1409 (10th Cir. 1998) ("it is well established that employers may exclude categories of employees from their ERISA plans"); *Trombetta v. Cragin Federal Bank For Savings Employee Stock Ownership Plan*, 102 F.3d 1435 (7th Cir. 1996); *Abraham v. Exxon Corp.*, 85 F.3d 1126, 1130 (5th Cir. 1996). Irrespective of "employee" status, an individual may recover benefits only if he satisfies the particular eligibility terms of the plans. *See id.* As explained above, Google's plans include particular eligibility requirements and do not apply to every common law employee. (Wuthrich Dec., ¶¶2-6, Exs. A-E.) Accordingly, regardless of whether "Google breached their promise to treat him like other employees" (Plf's Mot., 3-4), Plaintiff simply cannot recover benefits under Google's ERISA plans unless he proves that he satisfied the plans' particularly eligibility criteria.[4]

---

[4] Plaintiff cites two cases – *Providence Health Plan v. McDowell* and *Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.* – for the proposition that preemption is not proper with respect to a contract claim "to enforce an undisputed plan provision." (Plf's Mot., 10.). These cases are inapposite, primarily because the application of Google's plans to Plaintiff is clearly not "undisputed." In any event, neither of these cases involved a claim for ERISA plan benefits. Rather, *Providence Health Plan* involved an insurance company's claim for reimbursement for benefits provided to an insured who had recovered damages in a lawsuit. Because the reimbursement obligation stemmed not only from the terms of the applicable plan but from a separate contract the insured had signed, interpretation of an ERISA plan was not necessary to resolve the claim. Likewise,

Because the Court can evaluate Plaintiff's purported entitlement to ERISA plan benefits only by referring to the plans themselves, Plaintiff's Eighth Cause of Action is plainly preempted.[5]

Plaintiff's reliance on *Fort Halifax Packing Co., Inc. v. Coyne*, 482 U.S. 1 (1987), is also misplaced. Citing this case, Plaintiff argues that ERISA preempts only state laws that concern covered benefit plans, and not those that concern covered benefits. Plaintiff is wrong. The distinction noted in *Fort Halifax* is between claims for benefits provided pursuant to an ERISA plan, which are preempted, and claims for non-ERISA benefits, which are not. Thus, the Supreme Court held that a claim under a statute that required a severance payment to certain workers was not preempted because the payments did not involve an ERISA plan. *See id.* at 6-7. Further, the Court expressly distinguished between claims for non-ERISA benefits and claims for ERISA benefits, such as Plaintiff's Eighth Cause of Action here. *See id.* at 17-18. Far from supporting Plaintiff's argument, therefore, *Fort Halifax* simply reinforces the fundamental principle that claims for ERISA benefits – no matter how styled – are preempted.

In short, because Plaintiff's Eight Cause of Action explicitly references Google's ERISA benefit plans, because it seeks recovery of benefits under those plans, and because it requires the Court to evaluate Plaintiff's eligibility under those plans, it is clearly preempted.[6]

### 2. Plaintiff's Eighth Cause of Action is Clearly Encompassed By ERISA's Civil Enforcement Scheme.

Removal was also proper because Plaintiff's Eighth Cause of Action is clearly encompassed by ERISA's civil enforcement scheme. ERISA specifically provides for an action "to

---

*Blue Cross* involved an action by medical providers against an insurance company for breach of an agreement that was not an ERISA plan.

[5] Plaintiff cites *In re Marriage of Pilatti* and *In re Marriage of Pardee* for the proposition that "claims are not preempted merely because the application of [state] law might result in damages equivalent to some assets that may be subject to federal ERISA regulation themselves." (Plf's Mot., 6.) These community property cases are easily distinguished, as they involved only the distribution of *undisputed* pension plan assets. In contrast to this action, neither case required application of the underlying ERISA plans.

[6] In his brief, Plaintiff addresses many of the myriad ways in which a claim might be shown to have reference to or connection with an ERISA plan. Having clearly established that Plaintiff's Eighth Cause of Action both expressly refers to and is wholly dependant on Google's ERISA plans, Defendants will not burden this Court by addressing each of Plaintiff's arguments to the contrary.

recover benefits due [] under the terms of the plan, to enforce [] rights under the terms of the plan, or to clarify [] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA also provides for an action to redress any alleged violations of an ERISA plan and to enforce the terms of the plan. 29 U.S.C. § 1132(a)(3). Plaintiff acknowledges that his cause of action is essentially a claim to enforce specific ERISA plan provisions, presumably those regarding eligibility and benefits entitlement, and to recover the value of benefits he claims he was due under the ERISA plans. As such, it is a quintessential ERISA claim. *See Toumajian v. Frailey*, 135 F.3d 648 (9th Cir. 1997) (describing a civil action under Section 1132(a) to recover ERISA benefits due or enforce rights under an ERISA plan as "the most common cause of action under ERISA.") Indeed, as explained above, courts consistently hold that breach of contract claims designed to recover ERISA plan benefits or to enforce the terms of a plan are preempted. *See Metropolitan Life Ins.*, 481 U.S. at 62-63 (finding contract claim preempted and stating that "a suit by a beneficiary to recover benefits from a covered plan . . . falls directly under § 502(a)(1)(B) of ERISA [29 U.S.C. § 1132(a)(1)(B)], which provides an exclusive federal cause of action for resolution of such disputes"); *Pilot Life Ins. Co.*, 481 U.S. at 52, 54; *McBride*, 179 F.3d 737; *Smith*, 959 F.2d 6; *Scott*, 754 F.2d 1499; 29 U.S.C. § 1132(a)(1)(B) & (a)(3).[7]

Plaintiff simply cannot dispute that ERISA provides a cause of action to recover ERISA plan benefits or to otherwise enforce rights under the terms of an ERISA plan. Accordingly, he tries to defeat preemption by arguing that ERISA does not permit recovery of compensatory damages, his chosen remedy. But the proper question is whether Plaintiff's *claim* is encompassed by ERISA's civil enforcement scheme, which it clearly is, not whether his chosen *remedy* is available under ERISA. *See Pilot Life Ins. Co.*, 481 U.S. at 54; *Metropolitan Life Ins. Co.*, 481 U.S. at 63-64. Indeed, state law claims that fall within the scope of ERISA's civil enforcement provisions are completely preempted even if ERISA does not provide any remedy at all. *See Pilot Life Ins. Co.*, 481 U.S. at 54 ("[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal

---

[7] As noted in footnote 1, supra, Plaintiff also seeks declaratory and injunctive relief prohibiting Google from denying benefits to other individuals, and thus his claim falls squarely under ERISA § 502(a)(3) [29 U.S.C. § 1132(a)(3)].

scheme would be completely undermined if ERISA plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.")

In short, under well-established jurisprudence, Plaintiff's Eighth Cause of Action seeking to enforce specific provisions of Google's ERISA benefit plans and to recover damages for benefits allegedly due is clearly encompassed by ERISA's civil enforcement scheme and is thus preempted. Accordingly, removal of this action was proper, and Plaintiff's motion to remand should be denied.

### B. Plaintiff's Request for Sanctions Must Be Denied.

Because removal of this action was proper, Plaintiff's request for sanctions must be denied.

## IV. CONCLUSION.

For all the foregoing reasons, Plaintiff's Motion to Remand should be denied.

Dated: June 24, 2005

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By [signature]
Heather Burror

Attorneys for Defendants
GOOGLE INC. and MARISSA MAYER

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: 580 California Street, Suite 1500, San Francisco, CA 94104. On June 24, 2005, I served the foregoing document(s) described as: DEFENDANTS GOOGLE INC.'S AND MARISSA MAYER'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND on the interested party(ies) below, using the following means:

Ronald H. Blumberg
Aniko M. Felsen
Blumberg Lorber Nelson LLP
137 N. Acacia Avenue
Solana Beach, CA 92075

☐ BY PERSONAL SERVICE I delivered such envelope(s) by hand to the offices of the addressee(s).

☒ BY UNITED STATES MAIL I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at San Francisco, California.

☐ BY OVERNIGHT DELIVERY I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 24, 2005, at San Francisco, California.

Debra Payton Moore
[Print Name of Person Executing Proof]

Debra Payton Moore
[Signature]