BLUMBERG • LORBER • NELSON LLP
137 N. Acacia Avenue
Solana Beach, California 92075
Phone 858.509.0600
Fax 858.509.0699

By: Ronald H. Blumber
CSB No. 130557
By: Christpher R. Dryden
CSB No. 234476

Attorneys for Defendant, Payrolling.com

ORIGINAL FILED
JUN 24 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

Filed By FAX

| | |
|---|---|
| ROBERT A. BROWN, an individual,<br><br>Plaintiff,.<br><br>v.<br><br>GOOGLE, INC.; PAYROLLING.COM; MARISSA MAYER; and DOES 1 through 20, TRUST, AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No. C05 01779 RMW<br><br>**DEFENDANT, PAYROLLING.COM'S BRIEF OPPOSING PLAINTIFF, ROBERT A. BROWN'S MOTION TO REMAND** |

# TABLE OF CONTENTS


I. FACTUAL BACKGROUND .......... 1-3

A. General Considerations .......... 1-2

B. This Case .......... 2-3

II. LEGAL ARGUMENT .......... 3-7

A. Brown's Eighth Cause of Action "Relation to" and has "Conection With" ERISA .......... 4-6

B. Brown's Eighth Cause of Action is Within the Purview of the ERISA Civil Enforcement Provision .......... 6-7

III. CONCLUSION .......... 7-8

TABLE OF AUTHORITIES

*Abraham v. Norcal Waste Sys., Inc.*, 265 F.3d 811, 820-821 (9th Cir. 2001)....4-5

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)....4

*Avco Corp. v. Machinists*, 390 U.S. 557 (1968)....4, 6

*Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group Inc.*, 187 F.3d 1045, 1052 (9th Cir. 1999)....4

*Buster v. Greisen*, 104 F.3d 1186, 1189 (9th Cir. 1997)....4

*Franchise Tax Bd. of Cal. V. Construction Laborers Trust for Southern Cal*, 463 U.S. 1,9-10 (1983)....3

*Gully v. First National Bank,* 299 U.S. 109, 112 (1936)....3

*Gweke v. Ford,* 130 F.3d at 1358 (9th Cir. 1997)....3

*Ingersoll-Rand*, 498 U.S. 133, 136 (1990)....7

*Lyons v. Alaska Teamsters Employer Service Corporation*, 188 F.3d 1170, 1172 (9th Cir. 1999)..3

*Mathieu v. Norrell Corp.*, (2004) 115 Cal.App.4th 1174,1183, 10 Cal.Rptr.3d 52....1

*Massachussets Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985)....6

*Metropolitan Life Ins. Co. V. Taylor*, 481 U.S. 58, 63(1987)....3-4, 6-7

*New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655-656....4

*Pilot Life Ins. v. Dedaux*, 481 U.S. 41 (1987)....6-7

*Providence Health Plan v. McDowell*, 385 F.3d 1168 (9th Cir. 2004)....4-5

*Riley v. Southwest Marine Inc.*, (1988) 203 Cal.App.3d 1242, 1247-48, 250 Cal.Rptr.3d 718...1-2

*Toumajian v. Frailey*, 135 F.3d 648, 654 (9th Cir. 1998)....4

*Whitman v. Raley's Inc.*, 886 F.2d 1177, 1180....4

28 U.S.C. § 1441....3
28 U.S.C §§ 1331....3
29 U.S.C. § 1144(a)....4, 8
29 U.S.C.§ 1132(a)....4
29 U.S.C. § 1132....6
481 U.S. 58, 65-66....6
29 U.SC. § 1132(a)(1)(B)....6
29 §1132(a)(2)....7
29 § 1132(a)(3)....7

Defendant, Payrolling.com, respectfully submits the following points of authority in its brief opposing Plaintiff Robert A. Brown's Motion to Remand this action back to the Santa Clara Superior Court.

## I. FACTUAL BACKGROUND

### A. General Considerations

Defendant, Payrolling.com ("Payrolling") is a California Corporation engaged in the business of providing payroll services to a variety of other business' ("the Client Companies"). Client Companies contract with Payrolling to obtain temporary employees ("the Temporary Employees") who work under the direction of the Client Companies on the premises of each respective Client Company. Payrolling assists the Client Companies in two primary functions, namely: 1) to issue paychecks to the Temporary Employees, and 2) to provide the Temporary Employees access to employee benefit plans while under contract with Payrolling and assigned at the Client Company.

Payrolling's only real contact with the Temporary Employees occurs during the hiring process when prospective Temporary Employees complete Payrolling's new employee package which establishes that the Temporary Employee is an at will employee of Payrolling, will be paid according to Payrolling's payment guidelines and is eligible to opt in to Payrolling's various employee benefit plans.

Under California law, when Payrolling contracts with a Client Company it becomes a "general" employer. *(Mathieu v. Norrell Corp.*, (2004) 115 Cal.App.4th 1174,1183, 10 Cal.Rptr.3d 52) citing *(Riley v. Southwest Marine Inc.*, (1988) 203 Cal.App.3d 1242, 1247-48, 250 Cal.Rptr.3d 718). In an attempt to allow employees some form of redress, California Jurisprudence allows an employee to look to its general employer for claims involving federal and state taxes, withholding social security, paying premiums for unemployment insurance, workers' compensation, and **other** insurance. *(Riley v. Southwest Marine Inc.*, (1988) 203 Cal.App.3d 1242, 1252, 250 Cal.Rptr.3d 718).

**B. This Case**

Plaintiff, Robert A. Brown ("Brown"), was assigned to one of Payrolling's Client Companies, Co-Defendant, Google, Inc. ("Google"). Brown was initially interviewed and accepted as a Temporary Employee by Google on September 3, 2002, which then contacted Payrolling and advised it of his employment. Payrolling then sent over its new employee package for Brown to fill out and return. Brown, upon receiving the new employee package, agreed in writing to the following terms of his employment: 1) Brown was an at-will employee of Payrolling; 2) Brown would be paid on actual hours worked and his timecard needed the signature of a Client Company supervisor in order to be processed; 3) Any mistake on his check or any denial of employee benefit plans offered by Payrolling required him to immediately contact Payrolling; and 4) Any dispute over his check or denial of benefits associated with Payrolling's employee benefit plans was extinguished if not reported within thirty days; 5) Holiday, vacation and sick days were not paid by Payrolling; and 6) Brown would have access to participate in Payrolling's employee benefit plans, including ERISA and a 401K plan, and that his initialing and signing of the new employee package confirmed his knowledge of the availability of the aforementioned employee benefit plans.

Brown was ultimately hired by Payrolling and placed as a Temporary Employee at Google, until May 14, 2004. Payrolling essentially became Brown's general employer while on assignment at Google. During his time at Google, Payrolling had no contact with Brown directly. Brown **never** contacted Payrolling about problems concerning his lack of break time; disputes over his check; the hours he worked or any other matter. Most importantly, Brown never contacted or opted in to the employee benefit plans offered by Payrolling.

On February 4, 2005, Brown filed his complaint against Google, Payrolling and Marissa Mayer ("Mayer") in Santa Clara Superior Court. In his complaint, Brown asserted eleven causes of action based on California Labor Law and Common Law Breach of Contract. Google filed a Notice of Removal under 28 U.S.C. § 1441, asserting that Brown's Eighth Cause of Action

alleging breach of contract was preempted by the Employee Retirement Income Security Act (ERISA) and that the Federal District Court of Northern California had original jurisdiction over the action. Specifically, Google contended that Brown's prayer for ERISA benefits as damages under his Eighth Cause of Action was preempted by ERISA and thus removable because it "related to" Google's employee benefit plan.

## II. <u>LEGAL ARGUMENT</u>

Ordinarily, the threshold for removal of a state court complaint to Federal Court under 28 U.S.C. § 1441 is that at least one claim must be within the original jurisdiction of the Federal court.(Will include my citations). A federal court has original jurisdiction and removal is warranted if a complaint includes claims that "arise under the Constitution, laws, or treaties of the United States" 28 U.S.C §§ 1331, 1441(b). A claim is considered "arising under federal law" if it adheres to the "well pleaded complaint rule" and the well pleaded complaint raises issues of federal law on the face of the complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63(1987), *Franchise Tax Bd. of Cal. V. Construction Laborers Trust for Southern Cal*, 463 U.S. 1, 9-10 (1983). When a complaint is well pleaded it will create a "right of immunity created by the Constitution or laws of United States and must be an essential element of plaintiff's cause of action" *Gully v. First National Bank,* 299 U.S. 109, 112 (1936).

For a case to be properly removed under the Employee Retirement Income Security Act (ERISA), the federal district court must determine that ERISA preemption applies. *Lyons v. Alaska Teamsters Employer Service Corporation*, 188 F.3d 1170, 1172 (9th Cir. 1999), citing *Gweke v. Ford*, 130 F.3d at 1358 (9th Cir. 1997). The well pleaded complaint rule has given birth to a parallel doctrine known as complete preemption where Congress may completely preempt a particular subject matter so that any claim falling within the ambit of this particular field is determined to be federal in character. *Metropolitan*, 481 U.S. 63 citing *Avco Corp. v. Machinists*, 390 U.S. 557 (1968); *Buster v. Greisen*, 104 F.3d 1186, 1189 (9th Cir. 1997). Complete preemption is only applicable within the context of ERISA when two elements are fulfilled,

namely: 1) the state law claim "relates to" to an employee benefits plan as defined in 29 U.S.C. § 1144(a) ("Conflict Preemption") AND 2) the state law claim falls within the scope of the civil enforcement scheme of ERISA under 29 U.S.C. § 1132(a) ("Displacement). *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004), citing *Metropolitan*, 481 U.S. at 66, *Toumajian v. Frailey*, 135 F.3d 648, 654 (9th Cir. 1998). When both of these conditions are met, removal of the state law claim to federal court will be granted.

### A. Brown's Eighth Cause of Action "Relates to" and has "Connection With" ERISA

The first element of complete preemption analysis under ERISA, conflict preemption, may only be satisfied if a state law claim "relates to" an employee benefits plan as defined in ERISA's preemption provision, 29 U.S.C § 1144(a). This preemption provision provides that ERISA shall generally supersede any and all state laws insofar as they may now or hereafter "relate to" any employee benefit plan. Moreover, whether ERISA preempts a state claim usually turns on Congress' intention to make any state claim involving employee benefit plans a federal cause of action. *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1180.

Though recent jurisprudence has slightly narrowed the construction of the phrase "relate to" within ERISA's preemption provision, traditionally courts have upheld Congress' intention to preempt state law claims if such a claim "relates to" an employee benefit plan governed by ERISA and "if it has connection with or reference to such a plan" *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655-656; *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group Inc.*, 187 F.3d 1045, 1052 (9th Cir. 1999). The determination of whether a claim has a "connection with" an employee benefits plan within this Circuit hinges on the genuine impact that the action has on a relationship governed by ERISA, such as the relationship between the plan and the participant. *Providence Health Plan v. McDowell*, 385 F.3d 1168 (9th Cir. 2004); *Abraham v. Norcal Waste Sys., Inc.*, 265 F.3d 811, 820-821 (9th Cir. 2001).

In the present action, Brown's Eighth Cause of Action seeks damages claiming benefits to

which he was entitled, yet never received. Among the benefits to which Brown claims entitlement are full premium coverage medical and dental insurance plans, matched contribution employee 401(K) plan, and eligibility for stock options and bonuses. Further, Brown attempts to distinguish these benefits as singular entities not encompassed by a comprehensive employee benefit plan governed by ERISA. All of these benefits prayed for by Brown have a robust "relation to" and "connection with" Payrolling's comprehensive employee benefit plans available to its employees.

Payrolling was the general employer of Brown while working for Client Company, Google. Following his approval as a new Temporary Employee with Google, Brown received the new hire paperwork from Payrolling that had to be completed prior to him becoming eligible to begin his assignment at Google. Payrolling's new hire paperwork unambiguously informed Brown that he was an at will employee of Payrolling on assignment at Google and delineated all the major terms of his employment including the benefit "plans" available to him. The new hire paperwork clearly set forth that Brown would be able to participate in all the employee benefit plans offered by Payrolling, including medical and dental coverage and a 401(K) plan. Conspicuously stated in the new hire paperwork was a section informing Brown of his rights under ERISA if he chose to participate in Payrolling's employee benefit plans. Brown initialed the relevant terms aspects relating to the employee benefit plans and signed the new hire paperwork signifying he had read and understood all relevant portions pertaining to Payrolling's employee benefit plans and the procedures to participate in them.

There really is no doubt that the benefits Brown seeks in this action strongly "relate to" and have a "connection with" an employee benefits plan as defined by ERISA. Accordingly, removal of this action to federal district court was proper, and would be within this Court's original jurisdiction.

### B. <u>Brown's Eighth Cause of Action Is Within The Purview of The ERISA Civil Enforcement Provision</u>

The second element necessary to satisfy complete preemption analysis under ERISA is whether a state common law claim is within the purview of ERISA's civil enforcement provision,

29 U.S.C. §1132. ERISA's "comprehensive legislative scheme" includes an integrated system of procedures for its enforcement. *Massachussets Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985). The civil enforcement mechanism, distinctive in nature to ERISA, is representative of the careful balancing Congress considered in creating a comprehensive legislative scheme to promote employee benefit plans and fair claims settlement procedures. *Pilot Life Ins. v. Dedaux*, 481 U.S. 41 (1987). In *Metropolitan*, the Court citing *Avco* found similarities between the operation of the Labor Management Relations Act (LMRA) and ERISA and held the civil enforcement provision is one of those provisions with such "extraordinary pre-emptive power" that it converts ordinary state common law complaints into ones stating a federal claim where it is not apparent from the face of the complaint. 481 U.S. 58, 65-66. Therefore, if a state common law claim merely falls within the civil enforcement mechanism of ERISA the claim is removable to federal court.

Specifically, a claim may be brought by a participant or beneficiary of an employee benefits plan to "recover benefits due to him under the terms of his plan, enforce his rights under the term of the plan, or to clarify his future rights" 29 U.SC. § 1132(a)(1)(B). This particular tenet is forthright about providing a participant or beneficiary the ability to seek reimbursement of those benefits if he feels he has not been provided as the terms of the plan dictates he should. Brown's state claim is encompassed by § 1132(a)(1)(B) of ERISA's civil enforcement provision because he is attempting to gain reimbursement for ERISA plan benefits he claimed he never received. Therefore, Brown is a participant seeking reimbursement of benefits under an employee benefits plan as defined by ERISA which falls within ERISA's civil enforcement provision. In this light, removal of this action to federal court is proper.

Brown asserts that his state law claim is not encompassed by §§ 1132(a)(2) and 1132(a)(3) but never mentions §1132(a)(1)(B), by far the most inclusive and catch all section of ERISA's civil enforcement provision. Brown's reasoning that he is not corralled by § 1132(a)(3) because he is seeking compensatory damages rather than equitable relief is an end around the law. This creative manipulation has failed after review by past courts. In *Pilot Life v. Dedaux*, *Metropolitan Life Ins. Co. v. Taylor*, and *Ingersoll-Rand v. McClendon*, plaintiffs brought suit for remedies

beyond those authorized by ERISA. (*Pilot Life*, 481 U.S. at 83 [suit for Tortious Breach of Contract]; *Metropolitan*, *supra*, at 61-62 [suit for mental anguish caused by breach of contract]; and *Ingersoll-Rand*, 498 U.S. 133, 136 (1990) [punitive damages and mental anguish]). In finding ERISA preemption and permitting removal in each of the aforementioned expanded claims, the courts ruled that the limited remedies available under ERISA are an inherent part of the "careful balancing" between ensuring fair and prompt enforcement under a plan and the encouragement of creating such plans, reaffirming Congress' purpose in enacting ERISA. *Pilot Life*, *supra*, at 55.

In this case, Brown similarly seeks a remedy of compensatory damages and asserts this is not within ERISA's civil enforcement provision. The truth is that allowing Brown's compensation as the form for recovery of benefits could be accomplished through an equitable remedy without sidestepping the comprehensive legislative scheme of ERISA and granting Brown the monetary damages he seeks.

## III. <u>CONCLUSION</u>

Brown's Eighth Cause of Action which seeks reimbursement of benefits offered under an ERISA benefits plan should be properly removed to federal court. Payrolling was the general employer of Brown during his temporary assignment at Google. Upon his hire, Brown was given notice that he was becoming an at will employee of Payrolling and as an employee he was eligible to participate in Payrolling's employee benefit plans. In addition, Brown's initialing all the terms of his employment and signing the new hire paperwork provided by Payrolling evidences Brown's knowledge of his right to participate in Payrolling's employee benefits plan. Payrolling's employee benefits plan "relates to" and has "connection with" ERISA under 29 U.S.C. § 1144(a). Furthermore, Brown is a participant seeking recovery of benefits from his benefits plan provided to him by Payrolling and within the purview of ERISA's civil enforcement provision.

Finally, Brown's case is whether he may recover benefits he claims were denied him. There is no however, question that Brown seeks recovery from Payrolling's employee benefits plan which is governed by ERISA and within the original jurisdiction of this Honorable Court. Accordingly, this motion should be denied due to ERISA's complete preemption over Brown's

state common law claim.

Respectfully Submitted,

Dated: 6/24/05

By: Ronald H. Blumberg CSB No. 130557
Christopher R. Dryden CSB No. 234476
Attorneys for Defendant,
Payrolling.com

**PROOF OF SERVICE**

1013A (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO:

I am employed in the county of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 137 N. Acacia Avenue, Solana Beach, California.

On June 24, 2005, I served the foregoing document, described as **DEFENDANT, PAYROLLING.COM'S BRIEF OPPOSING PLAINTIFF, ROBERT A. BROWN'S MOTION TO REMAND** on the interested parties in this action by placing the original true copies thereof enclosed in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] By mail, I deposited such envelope(s) in the mail at Solana Beach, California, with postage prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Solana Beach, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ] By facsimile, I transmitted such documents from Solana Beach, California, to the offices of the addressee(s).

[ ] By personal service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on June 24, 2005 at Solana Beach, California.

Elizabeth M. Standifer

# SERVICE LIST

| | |
|---|---|
| Gregory M. Sheffer, Esq.<br>The Sheffer Law Firm<br>160 Sansome Street, 2nd Floor<br>San Francisco, CA 94104 | Attorneys for Plaintiff, Robert A. Brown |
| Catherine A. Conway, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3012 | Attorneys for Defendant, Google.com |
| Heather Burror, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>580 California Street, Suite 1500<br>San Francisco, CA 94104-1036 | Attorneys for Defendant, Google.com |

BLUMBERG • LORBER • NELSON LLP
137 N. Acacia Avenue
Solana Beach, CA 92075
Phone 858.509.0600
Fax 858.509.0699