**E-FILED on**     8/3/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT A. BROWN, an individual,<br><br>       Plaintiff,<br><br>    v.<br><br>GOOGLE, INC.; PAYROLLING.COM; MARISSA MAYER; and DOES 1 through 20,<br><br>       Defendants. | No. C-05-01779 RMW<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br><br>**[Re Docket No. 18]** |

    Plaintiff Robert A. Brown ("Brown") moves to remand his case to state court. Brown also requests attorney's fees incurred while litigating in federal court. Google, Inc., Payrolling.com, and Marissa Mayer (collectively "defendants") oppose the motions. The court has read the moving and responding papers and considered the arguments of counsel. For the reasons set forth below, the court grants Brown's motion to remand and denies his motion for attorney's fees.

### I. BACKGROUND

    Brown filed a complaint in state court on February 24, 2005. Brown alleges that he accepted a job with Google on September 3, 2002. Compl. ¶ 15. However, Brown's new hire paperwork identified Payrolling.com as his employer. *Id*. at ¶ 16. Brown claims that he understood from his interview that he

would start out on a probationary basis but would receive "full benefits and increased pay" once the probationary period ended. *Id*. at ¶ 15.  Mayer fired Brown on May 10, 2004. *Id*. at ¶ 23.

Brown alleges eleven causes of action based on California law.  Most importantly for the purposes of this order, Brown's eighth cause of action, styled "Breach of Implied Contract of Employment—Action for Recovery of Benefits and Other Promised Employee Compensation," claims that Google breached a promise to pay him benefits:

> From the interview process . . . plaintiff understood he would be entitled to full benefits .
> . . .
> ***
> Through its custom and practice, through its employee manual and through various other writings, including its website, Google made express promises to provide all of its employees with certain compensation, such as ten (10) paid holidays per year, fifteen (15) paid vacation days for the first year of employment, twenty (20) vacation days for the second year of employment, paid sick days as necessary, full premium coverage medical and dental insurance plans from the date of hire, matched contribution 401(k) plan, eligibility for stock options and bonuses .
> ***
> As his employer, Defendant Google failed to pay Plaintiff Brown the additional benefit wages they promised to provide to all other employees such that the current value of all such benefit wages is currently owing to Plaintiff Brown.
> ***
> Plaintiff prays for judgment against defendants in the amount of the value of the vacation days, holidays, sick days, medical premiums, dental premiums, profit sharing, stock options and such other identified damages and such other relief permitted by law.

Compl. ¶¶ 15, 102, 103, 106.  On April 29, 2005 Google filed a notice of removal.

## II.  ANALYSIS

### A.   Whether ERISA Completely Preempts Brown's Eighth Cause of Action

A defendant may remove to federal court "any civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  District courts have original jurisdiction over cases that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Under the "well-pleaded complaint" rule, a case "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Because federal preemption is a defense, "it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  However, there is an exception to the "well-pleaded complaint" rule for federal statutes that "wholly

displac[e] the state-law cause of action through complete pre-emption." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. "is one of these statutes." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 2495 (2004). A claim that is completely preempted by ERISA "even if pleaded in terms of state law, is in reality based on federal law" and thus may be removable. *Beneficial Nat. Bank*, 539 U.S. at 8.

There are two requirements for ERISA to preempt completely a state law cause of action. First, ERISA must preempt the claim.[1] *See Metropolitan Life Ins. Co.*, 481 U.S. at 64. Second, the claim "must fall within the scope of ERISA's enforcement provisions." *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171 (9th Cir. 2004). An essential element of both prongs of this test is that the plaintiff was a "participant" in an ERISA plan when he filed suit. *See Concha v. London*, 62 F.3d 1493, 1505 (1995) ("[i]f the plaintiff is not a participant, . . . then his state law claims fall outside ERISA's sphere and are not subject to preemption"); 29 U.S.C.A. § 1132(a) & (a)(1)(B) (entitling a "participant" to bring a claim under ERISA's civil enforcement provisions "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan").

"The term 'participant' means any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." 29 U.S.C.A. § 1002(7). A "former employee" "may become eligible to receive a benefit" upon proof that they have "a colorable claim" that they "will prevail in a suit for benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989). However, Brown does not have "a colorable claim" that he "will prevail in a suit for benefits" because he neither contributed to an ERISA plan nor became eligible to receive benefits.

For example, in *Harris v. Provident Life & Acc. Ins. Co.*, 26 F.3d 930 (9th Cir. 1994), Harris accepted a salesman's job with Lincoln. Lincoln employees were generally covered by a benefit plan.

---

[1] ERISA preempts all "State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "Generally speaking, a common law claim 'relates to' an employee benefit plan governed by ERISA 'if it has a connection with or reference to such a plan.'" *Providence Health Plan*, 385 F.3d at 1172 (9th Cir. 2004) (quoting *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)). A claim has "reference to" an ERISA plan if "the claim is premised on the existence of an ERISA plan." *Id*. A claim has a "connection with" an ERISA plan if the plan has a "genuine impact . . . on a relationship governed by ERISA, such as the relationship between the plan and a participant." *Id*.

Lincoln's sales director told Harris that he would be covered by this plan when he made his first sale. *Id*. at 931. Harris made his first sale and later incurred medical expenses. *Id*. When Lincoln's medical care provider refused to reimburse Harris, he sued in state court for breach of contract and misrepresentation. *Id*. at 932. Lincoln removed to federal court. The Ninth Circuit reversed the district court's grant of summary judgment in favor of Lincoln, holding that "a federal court has no jurisdiction to hear a civil action under ERISA brought by a person who is not a 'participant, beneficiary, or fiduciary.'" *Id*. at 933 (quoting *Franchise Tax Board v. Const. Laborers Vacation Trust*, 463 U.S. 1, 27 (1983)). Because Harris never actually participated in the plan, the court held that he did not have a "colorable claim to vested benefits." *Id*. The court also rejected the argument that Harris was a "participant because at the time of actual employment he reasonably expected to become a participant as defined under the ERISA plan." *Id*.[2]

Similarly, in *Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023 (9th Cir. 1995), Curtis accepted a job with NBC based on the understanding that his benefits would take effect on June, 1992. In fact, Curtis' benefits did not take effect until September, 1992. In August, 1992 Curtis' doctors diagnosed him with a malignant tumor. Curtis sued in state court and NBC removed the action to federal court on the grounds of complete ERISA preemption. The Ninth Circuit held that ERISA did not preempt Curtis' state law theories because he never actually participated in NBC's health plan:

> We find this case to be indistinguishable from *Harris*. Like the plaintiff in *Harris*, Mr. Curtis has no reasonable expectation of returning to covered employment in light of the defendants' termination of his employment. He also has no colorable claim to benefits under the Employers Health group policy because he was diagnosed with cancer before he was even eligible for participation in the plan under the terms of the group policy.

---

[2] *Harris* relied on *Freeman v. Jacques Orthopaedic & Joint Implant Surgery Med. Group*, 721 F.2d 654 (9th Cir. 1983). In that case, Freeman claimed that his former employer misrepresented the cost of participating in its ERISA plan, causing him never to participate in it. The Ninth Circuit held that the district court lacked jurisdiction to hear Freeman's ERISA claim because he never actually participated in the plan:

> Freeman, however, was not at the time of filing the action, nor is he now a current employee. No contributions were made into the defendant plan on his behalf. Nothing Freeman can do will make him eligible for a benefit, since he is no longer employed by the defendants . . . . The very thrust of Freeman's claim is that he did not participate in the plan because he was misled as to the cost of participation. Yet, for whatever reason, he did not in fact participate. This court cannot rewrite history and declare that he did participate.

*Id*. at 656.

1  *Id*. at 1027-28.

2  Thus, under Ninth Circuit law, a plaintiff must actually participate in a benefits plan to sue under
3  ERISA. This makes sense: one cannot have a "colorable claim to vested benefits" when one never began
4  accruing benefits at all.[3] Here, Brown does not allege that he participated in Google's ERISA plans. To
5  the contrary, Brown claims that Google's wrongdoing prevented him from ever doing so. Like plaintiffs in
6  *Harris* and *Curtis*, Brown does not have a "colorable claim to vested benefits" and lacks standing to sue
7  under ERISA. Thus, Brown's eighth cause of action is neither preempted by ERISA nor falls within
8  ERISA's civil enforcement scheme. Because ERISA does not completely preempt Brown's complaint,
9  there is no federal jurisdiction and removal was improper.

10  At oral argument, Google's counsel claimed that *Burrey v. Pac. Gas & Elec.*, 159 F.2d 388 (9th
11  Cir. 1998) suggests that employees who do not participate in a plan have standing under ERISA. *Burrey*
12  held that plaintiffs might have had a "colorable claim for vested benefits" under PG&E's health plan if they
13  could prove that they were common law employees of PG&E. *Id*. at 395. Under PG&E's plan, common
14  law employees were "automatically enrolled . . . upon commencement of their employment." *Id*. Plaintiffs
15  sought "reimbursement for medical expenses incurred as employees enrolled under the plan." *Id*. Here,
16  conversely, Brown does not seek damages in the form of plan benefits; instead, Brown requests "the value
17  of the vacation days, holidays, sick days, medical premiums, dental premiums, profit sharing, [and] stock
18  options" that Google allegedly should have provided. *See* Compl. ¶¶ 103, 106. Thus, unlike plaintiffs in
19  *Burrey*, Brown does not have a "colorable claim to vested benefits," but a colorable claim for damages.
20  *See Kuntz v. Reese*, 785 F.2d 1410, 1411 (9th Cir. 1986), *abrogated on other grounds by Kayes v.*

---

[3]  *Compare McLeod v. Oregon Lithoprint Inc.*, 46 F.3d 956, 958 (9th Cir. 1995) (former employee had "colorable claim to vested benefits" because he was eligible to apply for and receive benefits); *Ruocco v. Bateman*, 903 F.2d 1232, 1236 (9th Cir. 1990) (former employee had "colorable claim to vested benefits" because he was "a former plan participant who contributed financially to the plan"). Similarly, every one of defendants' cited cases involve "participants" or "beneficiaries." *See Metropolitan Life Ins. Co.*, 481 U.S. at 62-63 (plaintiff's claim was "a suit by a beneficiary to recover benefits from a covered plan"); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 43 (1987) (plaintiff participated in "a long term disability employee benefit plan established by purchasing a group insurance policy"); *McBride*, 179 F.3d 737, 744-45 (9th Cir. 1999) (forging an exception to the rule for when the court evaluates participant status with respect to claims for alleged violations of ERISA's whistleblower provisions but acknowledging that an ERISA plaintiff must be a "participant"); *Smith v. Dunham-Busch, Inc.*, 959 F.2d 6, 7 (2d Cir. 1992) (plaintiff "participate[d] in the affiliate's ERISA plan"); *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1504-06 (9th Cir. 1985) (ERISA preempts claims brought by plan participants for alleged failure to pay benefits but not claims that defendant's tortious conduct prevented plaintiffs from participating in new plan).

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
—C-05-01779 RMW
DOH                                                                                   5

*Pac. Lumber Co.*, 51 F.3d 1449, 1455 (9th Cir. 1995) (holding that plaintiffs do not have standing under ERISA because "if successful, the[ir] claim would result in a damage award, not in an increase of vested benefits, [and thus] they are not plan participants").

*Burrey* did not discuss *Harris* or *Curtis*, but distinguished *Freeman* on the ground that plaintiffs in the case at bar "do not contend they were wrongly denied plan participation . . . but rather that they were participants in the health plan by virtue of the automatic enrollment provision." *Burrey*, 159 F.3d at 395 n.8. Here, Brown alleges that Google breached a promise to classify him as a particular kind of employee. *See* Compl. ¶¶ 15, 21. Unlike plaintiffs in *Burrey*, Brown thus does not contend that he *was* a participant in the plan and that Google failed to recognize that fact. Instead, Brown contends that he was promised—but ultimately denied—the right to participate. *Burrey* acknowledged that a plaintiff who "contend[s] they were wrongly denied plan participation" falls within *Freeman* and lacks standing under ERISA. *Burrey*, 159 F.3d at 395 n.8. Thus, even under *Burrey*'s logic, ERISA does not preempt Brown's claims. The court remands the case.

**B.    Brown's Request for Attorney's Fees**

28 U.S.C. § 1447(c) entitles courts to award attorney's fees and costs "incurred as a result of [an improper] removal." The court declines to award attorney's fees here. Neither Brown nor defendants briefed the issue of whether Brown was a "participant" under Google's ERISA plans. The court is satisfied that defendants' removed Brown's claim with the legitimate expectation that ERISA would completely preempt his eighth cause of action.

### III.  ORDER

For the foregoing reasons, the court grants Brown's motion to remand and denies Brown's motion for attorney's fees.

DATED:     8/3/05                              /s/ Ronald M. Whyte
                                               RONALD M. WHYTE
                                               United States District Judge

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff(s):**

3  Gregory M. Sheffer        sheffesq@aol.com

4

   **Counsel for Defendant(s):**

5

   Catherine A. Conway      cconway@akingump.com
6  Heather Burror           hburror@akingump.com
   Ronald H. Blumberg       rhb@blnlaw.com
7

8  Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

9

10

11

   **Dated:**       8/3/05                                    DOH
12                                                        **Chambers of Judge Whyte**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
—C-05-01779 RMW
DOH                                            7